IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES S. SENN, #253389 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:  2:07-CV-919-MHT |
| | ) | |
| CHIEF JAILER OLIVIA PEARCE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO COURT'S SHOW CAUSE ORDER AND MOTION FOR EXTENSION OF TIME FOR DEFENDANTS TO FILE THEIR ANSWER AND SPECIAL REPORT**

COME NOW the defendants, Olivia Pearce (more correctly identified as Olivia Pearson) and Willie Cope, by and through their undersigned counsel of record, and responds herein to the Court's show cause Order of December 13, 2007, and further moves this Honorable Court for an extension of time to file their Answer and Special Report as directed by Order of this Court entered October 31, 2007, and as grounds therefore would aver the following, separately and severally:

1.   The plaintiff, James S. Senn, an inmate of the Bullock Correctional Facility in Union Springs, Alabama, filed this prison's condition case against these defendants and others on or about October 12, 2007.

2.   On or about October 31, 2007, this Honorable Court entered a procedural order requiring the defendants to undertake a review of the subject matter of the Complaint and to file an Answer and Special Report on or before December 10, 2007. Service of the Complaint and procedural Order was served upon defendant Cope on or

about November 9, 2007, and was served upon defendant Pearson on or about November 14, 2007.

3. Upon receipt of the Complaint and procedural Order by defendants Cope and Pearson, said documents were forwarded through appropriate channels within the Sheriff's Department to county officials and the insurance agent for the county.

4. Through mistake and inadvertence, the legal documentation was not forwarded to the insurance company presently insuring Pike County for claims of this nature. Only after receiving the Court's show cause Order was the mistake and inadvertence discovered, whereupon, the insurance company for Pike County contacted the undersigned counsel to represent and defend the named defendants in this matter. Such notice was received by the undersigned counsel on or about December 17, 2007, at which time the named defendants were contacted concerning the subject matter of the plaintiff's Complaint and the process of responding to the Court's show cause Order was initialized.

5. Defendants Pearson and Cope aver to the Court that they did not knowingly ignore the Court's procedural Order of October 31, 2007, and verily believed that the legal documents had been forwarded to the appropriate person or persons for their positions to be defended in this matter and for appropriate responses to be filed. Only through mistake, inadvertence and/or excusable neglect were such responses not filed in a timely manner.

6. These defendants also note to the Court that on or about November 5, 2007, shortly after this Court's procedural order was filed, the Court also entered an Order dismissing claims against the Pike County Commissioners. At the time of

receiving this Order, there was some confusion as to whether the Court's Order had actually dismissed all of the plaintiff's claims against all of the defendants.

7. The defendants Pearson and Cope assert to the Court that they are not guilty of any of the allegations complained of by the plaintiff in this case and that they have meritorious defenses to the plaintiff's claims in this case.

8. Furthermore, these defendants assert to the Court that the plaintiff is no longer incarcerated in the Pike County Jail and no prejudice has resulted to the plaintiff due to the defendants' failure to file a timely response.

9. Defendants Pearson and Cope, by and through their undersigned counsel of record, further request that this Honorable Court grant them an extension of thirty (30) days from the date of this motion, to comply with the Court's procedural Order of October 31. The defendants' request for extension is necessitated by several factors including but not limited to, (1) the upcoming Christmas holidays and staffing problems, (2) time required for gathering the necessary documentation and preparing the written response, and (3) obtaining sworn statements of persons having personal knowledge of the subject matter of the plaintiff's Complaint.

10. The extension of time to file a response by these defendants should not unduly prejudice the plaintiff who is no longer incarcerated in the Pike County Jail, but in fact, is incarcerated in the Bullock County Correctional Facility. Accordingly, any claim for injunctive relief or continuing harm is moot.

WHEREFORE, premises considered herein, the defendants Pearson and Cope request an extension of time to file their responses to the Court in accordance with the

procedural Order entered herein and for such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted this the 19th day of December, 2007.

    s/N. Gunter Guy, Jr.
**N. GUNTER GUY, JR. (GUY004)**
Attorney for defendants,
Chief Jailer Olivia Pearson and
Deputy Willie Cope
BALL, BALL, MATTHEWS & NOVAK
Post Office Box 2148
Montgomery, AL 36102
(334) 387-7680
(334) 387-3222 Fax
gguy@ball-ball.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have also served a copy of the following by mailing the same by United States mail properly addressed and first class postage prepaid to:

James S. Senn
AIS 253389
ADOC BULLOCK
Bullock Correctional Facility
Post Office Box 5107
Union Springs, AL  36089-5107

    s/N. Gunter Guy, Jr.
**OF COUNSEL**